Longworth, J.
The undertaking in question is unsealed, and the name of L. Maxwell, the surety, is omitted in the body of the instrument. Do these omissions affect its validity ? We think' not.
Although often erroneously called a bond, the undertaking provided for by section 193 of the-Code, (2 S. & 0. 1004,) is, in no sense, a bond, nor is there any law which requires it to be executed with the formalities of a specialty. It is not required to be under seal.
Doubtless cases might arise where such a total omission of description of the parties existed as would render it uncertain whether the names were signed to the instrument as evidence of an obligation assumed or merely as an attestation. Rut such is not the case here. The language in the instrument before us is, “ We, B. W. Simington and -, hereby undertake,” &c. The pronoun we, in this connection, can only refer to the persons whose names are subscribed.
Plaintiff in error relies upon the case of Stephens v. Allmen, 19 Ohio St. 485, and we are constrained to say. that the language of Brinkerhoff, J., in delivering the opinion of the court, seems to bear him out. In that case the writing in controversy was the official bond of the justice of the peace, and was unsealed. It was properly held by the court that this defect was fatal, and this is all that can be reasonably gathered from the judgment and the syllabus of the case. The learned judge, however, in his opinion, seems to base his decision upon the statement, that “the additional names subscribed to the official bond not appearing in the body of that instrument, there are no words of obligation to bind them, and they are of no significance whatever.”
We cannot find, from the report of the case cited, what was the language used in the bond referred to ; but we have no hesitation in saying that if it was substantially the same as that of the undertaking before us, the reasoning of the judge was erroneous. It is directly opposed to the decision in State, for *487 the use, &c. v. Boring, 15 Ohio, 507-517, and numerous other decisions.
Brandt, in his work on'Sureties, cites authoritative decisions in support of the following propositions, which do not seem to have been seriously disputed:—
“ Although the name of a surety is not mentioned in any part of the body of a bond, but a blank intended for it is left unfilled, yet if he sign, seal and deliver it as his bond, he is bound. So, where the name of the surety is not mentioned in the obligatory part of a bond, but is mentioned in the recital of the condition, if he sign, seal and deliver it he is bound. Where one signs a lease between the signature of the lessor and lessee, in which lease it is said that the lessee ‘ binds himself and his security,’ but no name of a surety is mentioned in the lease and the lease is signed in the presence of others who sign it as witnesses, the party who signs between the signature of the lessor and lessee, will be held as surety on the lease. So where a lease had been signed by the lessor and lessees, and D., whosemame was not mentioned in the lease, signed his name to it after the names of the lessees, addiDg to his name the word ‘ surety,’ it was held that it sufficiently appeared that D. was the surety of the lessees, and that he was originally and not collaterally liable.” Brandt on Sureties, § 15.
With respect to the second ground of alleged error suffice it to say that, after a careful examination of the evidence, we do not feel warranted in disturbing the findings of fact made by the court below.

Judgment affirmed.